[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Richard G. Hopkins and Donna Calabrese intermarried on August 3, 1985 in Danbury, Connecticut. The parties have resided in Connecticut continuously for one year next prior to the filing of the complaint. The parties have two minor children issue of this marriage: Erica L. Hopkins, born January 28, 1986, and Katarina M. Hopkins, born March 18, 1987. Neither party nor the minor children are receiving any state aid or municipal assistance.
For several years the parties have had a deteriorating personal relationship. Plaintiff testified that their relationship was normal until the defendant's father died and that occurred in 1992 or 1993. She became withdrawn; she stopped caring for the house and became introverted.
The defendant testified that she perceived a change in her husband. She felt that he was very controlling; he was never satisfied with her housework and treated her more and more as a housekeeper rather than a wife. Plaintiff husband testified that defendant became irresponsible with money and progressively became obsessed with keeping all sorts of animals. At one point the wife had 3 cats, 4 dogs, 34 guinea pigs, rabbits, ferrets, and assorted other animals, all in cages or various enclosures. The family home has all of these animals in various rooms with the attendant cages and kitty litter pans and woodchip enclosures.
The home is frequently the scene of accidents occasioned by one or more mess when the animals are locked accidentally away from the appropriate litter pans.
The children have great affection for the pets, however, the plaintiff began to dislike the growing number of animals and the hostility this engendered continued to grow. The plaintiff on several occasions requested the removal of the animals, but defendant wife has resisted their removal and obtained employment CT Page 16683 with the Petco company which deals in retail pet supplies for animals.
The minor daughter, Katrina, has developed an asthma condition and her asthma is by all accounts aggravated by the presence of so many animals but the children seem unwilling to have the pets and animals removed.
The plaintiff has an excellent relationship with the children, assists with their homework and cooks and does the laundry for himself. He also does some of the food purchasing.
The parties currently reside in the family home in separate rooms for economic reasons only. Communication and cooperation between the parties is minimal.
Family Relations, Mr. Greg Garrity, did a custody evaluation at the request of both parties. He met with both plaintiff and defendant. After an exhaustive evaluation of the parties and the residential component, his recommendation was that in light of the ages of the children, it was in the best interest of the children that physical residence be with mother with a joint custody order to the parties.
The plaintiff had been employed until 1998 with the Peter and Paul Company, a division of The Hershey Company. He was laid off in 1998. He obtained employment at Johnson Johnson and is currently employed there at a gross wage of $60,000 plus annually.
The defendant is employed at Petco as a retail sales employee with an annual gross wage of approximately $13,000.00.
Plaintiff had accumulated a substantial 401K account at Peter Paul Hershey which was in the amount of $75,528.77; which he unilaterally withdrew incurring a tax and penalty which consumed $36,292.93 of the proceeds or almost half of the total amount. The balance of said proceeds were spent during the plaintiff's unemployment period. No portion of this was allocated to the defendant's benefit.
The court makes the following findings and orders based on all of the testimony and exhibits having been considered. The marriage of the parties has broken down irretrievably without prospect of reconciliation. CT Page 16684
The court having considered all the statutory considerations makes the following orders:
A dissolution of the marriage on the grounds of irretrievable breakdown.
Custody of the minor children is awarded to the parties jointly with physical residence with the defendant wife. Defendant is entitled to remain in the marital residence for six (6) months after which time she will vacate the premises. Plaintiff will vacate the residence immediately and not return to reside in the premises until defendant vacates the premises. The residential component is conditioned upon the removal immediately from all bedroom areas of the residence of all animals, pets etc. located at 461 North Walnut Street, Waterbury. The court will retain jurisdiction to confirm this residential condition is carried out.
The plaintiff will have reasonable and liberal visitation to include alternate weekends from 7 a.m. Saturday to 6 p. m. Sunday as long as those hours do not conflict with school related activities. In addition, the parties will alternate holidays on an annual basis.
Plaintiff will have two (2) uninterrupted weeks of summer vacation upon the notice of 60 days to the defendant mother and any other visitation the parties may agree on. In addition, plaintiff, if available during the evening hours which defendant is working, may have evening visitation with the minor children.
The plaintiff will pay the sum of $250.00 weekly as child support to the defendant by contingent wage execution. The plaintiff father will provide medical and dental insurance for the minor children as available through his employment.
The parties will share unreimbursed medical expenses in the following percentages: 88% by plaintiff husband and 12% by wife in accordance with the support guidelines.
The family home located at 461 North Walnut Street is awarded to the plaintiff husband. The plaintiff shall hold the defendant harmless from any and all liability for mortgage, taxes and any maintenance costs, including any insurance. CT Page 16685
The plaintiff shall pay to the wife the sum of $160.00 weekly as alimony for a period of 8 years from the date of dissolution. Plaintiff's obligation to pay alimony shall terminate upon the death of either of the parties. Alimony shall be secured by a contingent wage execution. Plaintiff shall maintain $100,000 life insurance policy for the benefit of the minor children as of the date of dissolution. Thereafter the plaintiff husband shall continue to maintain the policy in an amount equal to the remaining amount to be paid as support for the minor children until each child graduates from high school or turns 19 years of age, whichever event occurs first.
The defendant is awarded a (1/2) one-half interest in and to the plaintiff's husband's pension from the Hershey Co. by way of a QDRO as of the date of dissolution. The plaintiff shall be responsible for any expenses relative to preparation thereof.
Defendant is awarded a (1/2) one-half interest in and to the plaintiff husband's pension from the Johnson Johnson Company by way of a QDRO as of the date of dissolution. The plaintiff shall be responsible for any expenses relative to the preparation thereof.
Each party shall be responsible for any taxes assessed on his or her respective share of the pension. The court shall retain jurisdiction for purposes of such QDRO.
If the defendant wife does not have medical and dental benefits through her employment, she shall be entitled to COBRA benefits at her expense under husband's health care policy.
The plaintiff shall retain the 1992 Ford Explorer and the 1984 Nissan pickup. The defendant wife shall retain the 1992 Mercury Topaz.
The parties are ordered to assume all the debts and liabilities listed on their respective affidavits. Each party will retain their own bank accounts as listed on their respective affidavits.
The plaintiff is awarded both children as tax exemptions until such time as defendant wife's income exceeds $15,000.00 at which time the parties shall claim one exemption each with the plaintiff allocated the youngest child.
Plaintiff is ordered to pay the sum of $3,000.00 Three Thousand CT Page 16686 Dollars to defendant's counsel as counsel fees within 180 days.
KOCAY, J. CT Page 16687